IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Rachel Trott, | ) | C/A No. 7:25-cv-00111-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Equifax, IRS, Parkside at Laurel West, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's pro se complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On December 12, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed. ECF No. 13. Plaintiff filed objections. ECF No. 19.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference. On January 29, 2025, the Magistrate Judge directed Plaintiff to complete summonses and Forms USM-285 for each Defendant. ECF No. 8. The same day, the Magistrate Judge further directed Plaintiff to file an amended complaint within 21 days to attempt to cure certain deficiencies identified in the order. ECF No. 10. Plaintiff did not timely respond to either order.

On February 26, 2025, the Magistrate Judge issued the Report recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's order directing her to file an amended complaint. ECF No. 13. The Magistrate Judge further recommended summary dismissal upon substantive review of Plaintiff's complaint. As she has not labeled the document she filed after the issuance of the Report, the Court will liberally construe it as both objections and as a proposed amended complaint.

The Magistrate Judge recommended dismissal for failure to comply with the amendment order; however, even if the Court construes Plaintiff's document as a timely filed amended complaint, this action is subject to dismissal pursuant to Rule 41(b) for

2

failure to comply with the proper form order.[1]  The undersigned is of the opinion that this is the proper outcome in this case.

Moreover, even if the document were considered as a proposed amended complaint or as objections, upon de novo review, the Court finds that, while Plaintiff has clarified some aspects of the complaint, the document ultimately fails to cure the defects identified by the Magistrate Judge in the amendment order and in the Report. Significantly, Plaintiff still fails to put forth more than cursory allegations regarding the Fair Credit Reporting Act or any other federal statute.  Therefore, there is no federal question presented and this Court lacks jurisdiction over Plaintiff's claims.[2]

## **CONCLUSION**

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** pursuant to Rule 41(b) without prejudice, without issuance and service of process, and without further leave to amend.[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 26, 2025

---

[1] The Court notes that some documents have been mailed more than once and that Plaintiff sent in a notice of change of address during the pendency of this action.  No mailing has been returned.

[2] The Magistrate Judge determined that there was no basis for diversity jurisdiction and in Plaintiff's document she also states that she is not proceeding under diversity jurisdiction.

[3] Alternatively, the Court finds that the complaint and proposed amended complaint are subject to dismissal.

Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.